GEORGIA,
Chatham Co.
OCT. 1810.

Ex parte
Carnochan.

1c 315
91   107

*Minutes of Superior Court, letter G. p.* 368.

*Chambers, October* 12, 1810.

*Ex parte* JOHN CARNOCHAN, ADMINISTRATOR, &c.

### CONTEMPT.

By *Charlton,* Judge.

On the 27th day of August a peremptory mandamus was issued by the court, by which *John Couper, William Page, George Bailiee, L. Willson,* and *John Gigmilliat,* Esqrs. justices of the inferior court of the county of Glynn, and of the court of ordinary of the same county, and *Isaac Abrahams,* Esq. clerk of said court of ordinary, were commanded to convene on the first Monday in September, at Brunswick, (the place for holding the courts of the county of Glynn,) for the purpose of approving and taking security from and of administering the oath, prescribed by law for administrators, to *John Carnochan,* to whom this court had upon an appeal, granted the administration of the estate of one *Thomas B. McKinnon ;* and the above justices and clerk were farther commanded by the said mandamus, to issue letters of administration to the said *John Carnochan,* and to deliver to him all the monies and effects of the intestate, which were in either of their hands, custody, or possession.

On the day appointed for their convention in the mandamus, the court of ordinary met, and passed an order, in which it is declared, that the court did not meet in obedience to the peremptory mandamus, because this tribunal had no right, as it asserts, to command *them ;* but that the meeting was held in the regular course of the sessions of that court.

Notwithstanding the denial of the authority of this jurisdiction to enforce an obedience to its orders and decrees by

GEORGIA,
Chatham Co.
OCT. 1810.

Ex parte
Carnochan.

the interposition of the writ of mandamus, the justices, how-ever, did in the same order, direct every thing to be done, which they were commanded to do, by the writ of mandamus. In compliance with my judgment on the appeal, and the man-dates of the mandamus, they "*ordered*, the administration to be granted to *John Carnochan*, upon his giving sufficient se-curity to double the value of the estate," and they farther directed their clerk, "to all monies in his hands, or by him lodged in the bank, conformably to a former order, the pro-perty of said estate, and all the other property of said estate, now in his hands, to deliver to *John Carnochan*." This order is dated on the third of September. On the same day, and almost in the same breath, their honors the jus-tices, pass another order, by which their clerk is directed to cause an inventory and appraisement to be taken of the estate and effects of *Thomas B. M'Kinnon*, and then to sell and deposit the proceeds in the manner prescribed by the escheat act of assembly of the 5th December, 1805. The clerk of the court of ordinary and escheator of Glynn county had in August transmitted me a notification, directed to be given to the judge of the Superior Court, by the escheat act of 1801. Which notification, and the principles connected with it, were disposed of in the opinion (23 August) on the motion for the peremptory writ of mandamus, and of which the justices have been fully apprised. The justices of the court of ordinary have, therefore, not only, by their first order of the third September contemptuously oppugned the legitimate and necessary authority of this jurisdiction, an authority too, expressly delegated to the Superior Court by the 7th section of the third art. of the constitution, but they have as contemptuously by their second order of the same date, disobeyed and evaded the mandates of the writ of man-damus, and thereby rendered inefficient the superintenden-cy which this court possesses over inferior jurisdictions. Under all these circumstances it is a duty I owe to the con-stitution, to the law, and the dignity of this court, to grant a rule, which Mr. *Bulloch* now moves for, to show cause why

an attachment for contempt should not issue, against the justices who presided and passed the orders of the third September. And it is accordingly " *ordered*, that *George Baillie*, *John Couper*, and *William Page*, Esqrs. three of the justices of the Inferior Court and of the Court of Ordinary of Glynn county do, on the first day of the next Superior Court of Glynn county, show cause why an attachment for contempt should not issue against them for a disobedience to the writ of mandamus issued by this court. And it is farther *orde ed*, that the sheriffs of the county of Glynn do serve each of the said justices with a copy of this *decision* and order.